**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

VIRGIL MITCHELL,

        Plaintiff,                        Case Number: 09-11467

v.                                             AVERN COHN
                                                  UNITED STATES DISTRICT COURT

PATRICIA CARUSO, et. al,
                                                  VIRGINIA M. MORGAN
        Defendants.                  UNITED STATES MAGISTRATE JUDGE

_____ /

**REPORT AND RECOMMENDATION**
**(1) GRANTING DEFENDANTS CARUSO, ARMSTRONG, CARTER, RILEY, WARREN AND PRAMSTALLER'S MOTION TO DISMISS (DOC. NO. 28); AND (2) GRANTING DEFENDANTS HYNES AND WENZEL'S MOTION TO DISMISS (DOC. NO. 39)**

This is a *pro se* 42 U.S.C. § 1983 action in which Plaintiff Virgil Mitchell, an inmate in the custody of the Michigan Department of Corrections, claims that Defendants violated the Eighth and Fourteen Amendments of the United States Constitution, the Americans with Disabilities Act, 42 U.S.C. § 12132, ("ADA"), the Rehabilitation Act of 1974 section 504, 29 U.S.C. § 794, ("the Rehab Act"), and state law. Plaintiff also asserts claims under 42 U.S.C. §§ 1985 (conspiracy to interfere with civil rights) and 1986 (action for neglect to prevent) and alleges that Defendants conspired to deprive Plaintiff of his civil rights by denying Plaintiff "effective medical treatment causing extreme physical pain and discomfort, motion distress and the loss of some of his mobility." (Compl. p. 1, 10). This matter is before the court on Defendants Caruso, Armstrong, Carter, Riley, Warren and Pramstaller's Fed. R. Civ. P. 12(b)(6) motion to dismiss (Doc. No. 28) and Defendants Hynes and

1

Wenzel's separate 12(b)(6) motion to dismiss. (Doc. No. 39). For the reasons discussed below, the court recommends that Defendants' motions to dismiss be **GRANTED**.

## I. Background

Plaintiff's complaint for inadequate medical care and disability accommodations is premised on a October 11, 2004 back injury, which Plaintiff alleges was a result of a prison guard closing a cell door while Plaintiff was still in the doorway. (Compl. ¶ 16). Plaintiff currently suffers from a bulging disc due to the incident. (Compl. ¶ 16).

In 2005, Plaintiff was transferred from the Saint Louis Correctional Facility to the Thumb Correctional Facility, where he was given a wheelchair. (Compl.¶ 18). Later, in January 2006, Plaintiff appealed to Deputy Warden W. Riley for certain accommodations, including a wheelchair, a wheelchair attendant, a bottom bunk, an air mattress and wheelchair gloves, after Plaintiff's request for the accommodations to the MDOC Special Accommodations department had been denied. (Compl. ¶ 19). The next month, Physician's Assistant Paula J. Mass, Dr. Khan, and Nurse Wenzel approved Plaintiff's request for a wheelchair, wheelchair attendant and a bottom bunk. (Compl. ¶ 20). Yet, on August 25, 2006, Dr. Khan revoked Plaintiff's wheelchair use privilege. (Compl. ¶ 24).

Plaintiff alleges that when his wheelchair was taken away it was difficult for him to complete daily functions such as reaching the chow hall and standing in line for his medications, and he occasionally missed meals and medication as a result. (Compl. ¶ 25). Plaintiff further alleges that between August 26, 2006 and September 8, 2006 he made numerous requests to health services to have his wheelchair privilege reinstated because back pain inhibited is ability to walk and he was experiencing numbness in his legs, which cause his legs to give out. (Compl. ¶ 27).

As a result of the numbness in his legs, Plaintiff claims that his legs gave out on September 10, 2006, causing him to fall down five steps and hit his head, rendering him unconscious. (Compl. ¶¶ 28-29). Plaintiff avers that he now suffers from leg and shoulder pain, a stiff and painful neck, blurred vision, a constant headache, and incontinence. (Compl. ¶ 31).

After filing and voluntarily dismissing three earlier complaints, Plaintiff filed the instant action on April 20, 2009. (Doc. No. 1). On June 15, 2009, the Honorable Avern Cohn referred this case to this court for all pretrial proceedings. (Doc. No. 8). Presently before the court are two motions to dismiss filed by Defendants. (Doc. Nos. 28, 39).

## II. Standard of Review

Fed. R. Civ. P. 12(b)(6) provides that a complaint must be dismissed if it fails to state a claim upon which relief may be granted. A complaint need not contain detailed factual allegations. Nonetheless, a Plaintiff's obligation to provide the "grounds" of his entitlement to relief, as required by Fed. R .Civ. P. 8(a)(2), requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Rather, the factual allegations must be enough to raise a right to relief beyond the speculative level, on the assumption that the allegations are true. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555-557 (2007).

Because Plaintiff is a *pro se* litigant, a more relaxed standard applies. A document filed *pro se* is "to be liberally construed,", and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976) (internal quotation omitted); *see also* Fed. R. Civ. P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

## III. Analysis

3

**A. Defendants Caruso, Pramstaller, Armstrong, Warren, Riley and Jones**

Defendants Caruso, Pramstaller, Armstrong, Warren, Riley and Jones argue that they are entitled to dismissal because the complaint fails to state cognizable claims against them. (Doc. No. 28, Defs.' Br. 6). Caruso, Pramstaller, Armstrong, and Warren assert that Plaintiff has made no allegations against them in his complaint. (*Id*. at 6-7). Riley and Jones argue that the allegations Plaintiff made against them in the complaint are insufficient to state a claim under 42 U.S.C. § 1983. (*Id.* at 9).

In response, Plaintiff asks the court to take judicial notice of the three orders of voluntary dismissal entered in Plaintiff's previous lawsuits against these Defendants. (Doc. No. 36, Pl.'s Resp. 4). Plaintiff also argues that his complaint should not be dismissed due to vagueness or lack of detail. (*Id.* at 4).

To prevail on § 1983 claim, a plaintiff must show personal involvement by the defendant in the constitutional violation. *Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir.1995) (per curiam). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008).

Plaintiff states that he is suing Director Caruso "in her Official and Individual capacity for Declaratory Judgment that the Defendant's acts, policies, and practices herein violate Plaintiff's rights under the Michigan and United States Constitution [sic]." (Compl. ¶ 6). Plaintiff, however, does not allege, anywhere in his complaint, that Director Caruso had personal involvement in the alleged constitutional violation. For this reason, Plaintiff's § 1983 claim against Director Caruso should be dismissed.

Plaintiff allegations against Dr. Pramstaller, the MDOC's chief medical officer, are minimal,

4

at best. Plaintiff alleges generally that Dr. Pramstaller denied him medical treatment. (Compl. ¶ 38). Plaintiff does not identify any specific action that Dr. Pramstaller took in denying him medical treatment. A general allegation that Dr. Pramstaller is responsible for Plaintiff's lack of treatment due to his position as chief medical office is insufficient to sustain an § 1983 claim. *See Copeland*, 57 F.3d at 481. Because Plaintiff has not alleged that Dr. Pramstaller was personally involved in the alleged constitutional violation, Plaintiff's § 1983 claim against Dr. Pramstaller should be dismissed.

With respect to Armstrong, Plaintiff accuses him of failing to grant Plaintiff's third-step grievance, thereby making "him responsible for upholding the unqualified medical decision of all the defendant's [sic] named herein to arbitrarily deny Plaintiff access to 'adequate Health Care treatment.'" (Compl. ¶ 8). A defendant is not liable under § 1983 when his or her only action was to deny an administrative grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir.1999). Here, Armstrong's only action was to deny Plaintiff's administrative grievance. This action does not give rise to personal involvement, which is a necessary element of a successful § 1983 claim. Thus, Plaintiff's § 1983 claim against Armstrong should be dismissed.

Plaintiff's allegations against Warden Warren, Deputy Warden Riley and Deputy Warden Jones should also be dismissed because Plaintiff did not allege facts showing that they were personally involved in the alleged constitutional violation. Plaintiff made general, conclusory allegations that the Wardens violated his right to medical treatment. (Compl. ¶ 38). Such allegations are insufficient to survive a motion to dismiss. Accordingly, the court recommends that Plaintiff's § 1983 claims against Warden Warren and Deputy Wardens Riley and Jones be dismissed.      Plaintiff also accuses Director Caruso, Armstrong, Dr. Pramstaller, Warden Warren,

Deputy Warden Riley and Jones of conspiring together and with the other Defendants to withhold and deny medical treatment to Plaintiff, in violation of 42 U.S.C. §§ 1985(3) and 1986. (Compl. ¶ 35). In order to prove a private conspiracy in violation of the first clause of section 1985(3), a plaintiff must prove: (1) a conspiracy involving two or more persons; (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; (3) and an act in furtherance of the conspiracy; and (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States. *Center for Bio-Ethical Reform, Inc. v. City of Springboro*, 477 F.3d 807, 832 (6th Cir. 2007). The plaintiff must also show that the conspiracy was motivated by racial, or other class-based, invidiously discriminatory animus. *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971); *Peters v. Fair*, 427 F.3d 1035, 1038 (6th Cir.2005). "Further, 'conspiracy claims must be pled with some degree of specificity and . . . vague and conclusory allegations unsupported by material facts will not be sufficient to state a claim.'" *Center for Bio-Ethical Reform, Inc.*, 477 F.3d at 832 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1358-39 (6th Cir.1987)).

Defendants are entitled to dismissal of Plaintiff's conspiracy claims against them. Plaintiff made vague and conclusory allegations of a conspiracy and did not support his allegations with material facts. (Compl. ¶¶ 35, 40); *See Center for Bio-Ethical Reform, Inc.*, 477 F.3d at 832. Further, on his § 1985(3) claim, Plaintiff did not allege when or how Defendants conspired to deprive him of the equal protection of the laws, nor did he identify Defendants' acts in furtherance of the conspiracy or plead fact that showed that the conspiracy was motivated by class-based discrimination. *See Center for Bio-Ethical Reform, Inc.*, 477 F.3d at 832. And, as the Sixth Circuit has ruled, "[w]here a plaintiff has stated no cause of action under § 1985, no cause of action exists

6

under § 1986." *White v. Trapp*, 93 Fed. App'x 23, 26 (6th Cir. 2004). Accordingly, Plaintiff's conspiracy claims cannot survive Defendants' motion and should be dismissed.

Lastly, as to Plaintiff's claims under the Americans with Disabilities Act and the Rehab Act, the court should dismiss those claims. Title II of the ADA prohibits public entities from discriminating on the basis of an individual's disability in the provision of services, programs, or activities. *See* 42 U.S.C. § 12132. The Rehab Act prohibits a program receiving federal funding from discriminating against an "otherwise qualified individual with a disability." 29 U.S.C. § 794(a). Even presuming that Plaintiff is disabled, Plaintiff did not allege or show that Defendants Caruso, Pramstaller, Armstrong, Warren, Riley or Jones deprived him of any service, program, or activity because of his disability. Plaintiff's ADA and Rehab Act claims, therefore, should be dismissed.

Plaintiff failed to allege that Defendants Caruso, Pramstaller, Armstrong, Warren, Riley and Jones were personally involved in the alleged unconstitutional conduct or actively deprived him of his rights under the ADA and the Rehab Act. Accordingly, the court should dismiss all of Plaintiff claims against these Defendants.

### B. Defendants Hynes and Wenzel

Defendants Hynes and Wenzel argue that Plaintiff's § 1983 claims against them should be dismissed because Plaintiff did not aver any facts demonstrating that they were personally involved in the alleged constitutional violation. (Doc. No. 39, Defs.' Br. 6). Plaintiff responds that dismissal at this stage would be improper because material questions of fact exist and discovery has not been taken. (Pl.'s Resp. 4).

As stated above, to prevail on § 1983 claim, a plaintiff must show personal involvement by the defendant in the constitutional violation. *Copeland*, 57 F.3d at 481. Further, a claimed

7

constitutional violation must be based upon active unconstitutional behavior. *Grinter*, 532 F.3d at 575.

Plaintiff generally accuses Defendant Hynes, the Health Care Unite Manager, and Defendant Wenzel, the prison special accommodation nurse, of denying him medical care. (Compl. ¶ 35). The only specific fact plead with respect to either Hynes or Wenzel is Plaintiff's statement that Nurse Wenzel, in conjunction with Physician Assistant Paula Mass and Dr. Kahn, approved Plaintiff's request for special accommodations "in part, " by allowing him a wheelchair, wheelchair attendant and bottom bunk. (Compl. ¶ 20). Plaintiff does not explain why Nurse Wenzel's failure to grant the request in full led to a constitutional violation. In addition, Plaintiff did not plead any facts showing that Hynes was personally involved in the alleged constitutional violation. For these reasons, Hynes and Wenzel should be granted dismissal of Plaintiff's § 1983 claims against them.

Plaintiff's constitutional conspiracy claims against Hynes and Wenzel should also be dismissed. As explained above, constitutional conspiracy claims must be pled with a degree of specificity, not with vague and conclusory allegations. *Center for Bio-Ethical Reform, Inc.*, 477 F.3d at 832. Plaintiff did not plead any facts related to his conspiracy claim. Plaintiff merely states that the Defendant "have condoned and/or conspired and/or confederated to violate Plaintiff's right to be free from cruel and unusual punishment, inhumane treatment, and deliberate indifference . . . ." (Compl. ¶ 36). Such a general and conclusory allegation is not sufficient to state a claim under § 1985(3) or § 1986. Accordingly, Plaintiff's constitutional conspiracy claims against Hynes and Wenzel should be dismissed.

Plaintiff also accuses Hynes and Wenzel of violating the ADA and the Rehab Act. As with Defendants Caruso, Caruso, Pramstaller, Armstrong, Warren, Riley or Jones, Plaintiff did not allege that Hynes and Wenzel deprived him of any service, program, or activity because of his disability. *See* 42 U.S.C. § 12132; 29 U.S.C. § 794(a). Thus, Plaintiff has not stated a claim under the ADA or the Rehab Act. These claims against Hynes and Wenzel should be dismissed.

Plaintiff has not pled any facts sufficient to state claims under 42 U.S.C. §§ 1983, 1985(3) or 1986 against Hynes and Wenzel. Further, Plaintiff claims against Hynes and Wenzel under the ADA and the Rehab Act should be similarly dismissed.

## IV. Conclusion

For the reasons discussed above, the Court should **GRANT** Defendants Caruso, Armstrong, Carter, Riley, Warren and Pramstaller's motion to dismiss (Doc. No. 28) and Defendants Hynes and Wenzel's separate 12(b)(6) motion to dismiss. (Doc. No. 39)**.**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any

objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.


S/Virginia M. Morgan
Virginia M. Morgan
United States Magistrate Judge

Dated: January 29, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and plaintiff via the Court's ECF System and/or U. S. Mail on January 29, 2010.

s/J. Johnson
Case Manager to
Magistrate Judge Virginia M. Morgan