UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VIRGIL MITCHELL,

    Plaintiff,

v.                                                             Case No. 09-11467

PATRICIA CARUSO, GEORGE                HONORABLE AVERN COHN
PRAMSTALLER, CORRECTIONAL
MEDICAL SERVICES, JAMES ARMSTRONG,
MILLICENT WARREN, A. KAHN, MARGARET
J. WENZEL, W. RILEY, JONES, and MARY E.
HYNES,

    Defendants.

_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION**
**AND**
**GRANTING DEFENDANTS PATRICIA CARUSO, JAMES ARMSTRONG, ORA (JONES) CARTER, WILLIE D. RILEY, MILLICENT WARREN, and GEORGE PRAMSTALLER'S MOTION TO DISMISS (Dkt # 28)**
**AND**
**GRANTING DEFENDANT MARY E. HYNES AND MARGARET J. WENZEL'S MOTION TO DISMISS (Dkt. # 39)**

I.

This is a pro se prisoner civil rights case. Plaintiff, an inmate in the custody of the Michigan Department of Corrections at Ryan Correctional Facility (RCF), asserts a claim under 42 U.S.C. § 1983 for violation of constitutional rights under the Eighth and Fourteenth Amendments. He also claims violations of the Americas with Disabilities Act, 42 U.S.C. § 12132, the Rehabilitation Act, 29 U.S.C. § 794. Finally, he claims defendants conspired to violate his rights under 42 U.S.C. § 1985 and § 1986. Plaintiffs

claims stem from an alleged failure to provide proper medical care.[1] The matter has been referred to a magistrate judge for all pretrial proceedings. Defendants Patricia Caruso, James Armstrong, Ora (Jones) Carter, Willie D. Riley, Millicent Warren, and George Pramstaller filed a Motion to Dismiss (Dkt # 28). Defendants Mary E. Hynes and Margaret J. Wenzel also filed a Motion to Dismiss (Dkt. # 39). On January 29, 2010, the magistrate judge issued a Report and Recommendation (MJRR) recommending that both motions be granted. Before the Court are plaintiff's objections to the MJRR. For the reasons that follow, the objections will be overruled, the MJRR will be adopted, and defendants' motions to dismiss will be granted.

II.

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985).

A general objection, or one that merely restates the arguments previously

---

[1] Plaintiff filed his complaint on April 20, 2009. That same day, plaintiff filed a second prisoner civil rights case against some of the same defendants in this case as well as other defendants, raising similar claims. See Mitchell v. Caruso, 09-11468. That case was assigned to a different judge and also referred to a magistrate judge. Notably, the magistrate judge in that case issued a report and recommendation on December 4, 2009 recommending that defendants' dispositive motions be granted. Plaintiff filed objections. The case is pending.

2

presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An "objection" that does nothing more than state a disagreement with a magistrate judge's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context. Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 508 (6th Cir. 991) ("It is arguable in this case that Howard's counsel did not file objections at all.... [I]t is hard to see how a district court reading [the 'objections'] would know what Howard thought the magistrate had done wrong.").

III.

Plaintiff's objections essentially repeat the arguments considered and rejected by the magistrate judge inasmuch as plaintiff contends that he has stated claims against all of the defendants. However, the magistrate judge carefully reviewed plaintiff's complaint and concluded that plaintiff failed to make out a claim against any of the defendants. As explained in the MJRR, plaintiff failed to allege personal involvement by the defendants and his conspiracy allegations were conclusory. Plaintiff's objections fail to convince the Court that the magistrate judge erred in her recommendations.

IV.

Accordingly, the MJRR is ADOPTED as the findings and conclusions of the Court. Defendants Patricia Caruso, James Armstrong, Ora (Jones) Carter, Willie D. Riley, Millicent Warren, and George Pramstaller's Motion to Dismiss (Dkt # 28) is GRANTED. Defendants Mary E. Hynes and Margaret J. Wenzel's Motion to Dismiss

(Dkt. # 39) is GRANTED.[2]

    SO ORDERED.


Dated: February 24, 2010           s/ Avern Cohn
                                             AVERN COHN
                                             UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to Virgil Mitchell, 349178, G. Robert Cotton Correctional Facility, 3500 N. Elm Road, Jackson, MI 49201 and the attorneys of record on this date, February 24, 2010, by electronic and/or ordinary mail.

                                             s/Julie Owens
                                             Case Manager, (313) 234-5160

---

[2] These motions do not close the case. According to the docket sheet, on July 30, 2009, a waiver of service on defendant A. Kahn was returned unexecuted (Dkt. # 23). A second order directing service was issued on August 7, 2009 (Dkt. # 25) which was returned unexecuted on November 9, 2009 (Dkt. # 42). With respect to defendant Correctional Medical Services, a waiver of service was returned unexecuted on September 9, 2009 (Dkt. # 34). On September 18, 2009, the magistrate judge issued an Order to Show Cause directing plaintiff to respond in writing before October 5, 2009 as to why it should not issue a report recommending that Correctional Medical Services be dismissed. (Dkt. # 37). It does not appear that plaintiff responded to the show cause order.