UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VIRGIL MITCHELL,

    Plaintiff,

v.                                                                                            Case No. 09-11467

CORRECTIONAL MEDICAL SERVICES,                               HON. AVERN COHN
and DR. ZAKIUDDIN A. KHAN,

    Defendants.

_____/

**MEMORANDUM AND ORDER**
**OVERRULING THE PARTIES'S OBJECTIONS (Docs. 110, 111)**
**AND**
**ADOPTING REPORT AND RECOMMENDATION (Doc. 109)**
**AND**
**GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR**
**SUMMARY JUDGMENT (Doc. 102)**

I.

This is a <u>pro se</u> prisoner civil rights case. Plaintiff, an inmate in the custody of the Michigan Department of Corrections at Ryan Correctional Facility (RCF), asserts a claim against defendants Correctional Medical Services (CMS) and Dr. Zakuiddin A. Khan (Khan) under 42 U.S.C. § 1983 for violation of constitutional rights under the Eighth Amendment regarding the removal of his wheelchair. The case was filed in April 2009 and all defendants except CMS and Khan have been dismissed.[1] The matter has been referred to a magistrate judge for all pretrial proceedings. CMS and Khan filed a motion for summary judgment, contending that (1) plaintiff failed to exhaust his

---

[1] Plaintiff's claims against Patricia Caruso, James Armstrong, Millicent Warren, Margaret J. Wenzel, W, Riley, Jones, Mary E. Hynes were dismissed. (Docs. 44, 48.)

administrative remedies as to CMS, and (2) plaintiff failed to allege a claim against Khan for improper medical care under § 1983. (Doc. 102) The magistrate judge issued a report and recommendation (MJRR), recommending that the motion be granted as to CMS and denied as to Kahn. (Doc. 109). Both parties filed objections which are before the Court. (Docs. 110, 111). For the reasons that follow, the objections will be overruled, the MJRR will be adopted, and defendants' motion will be granted in part and denied in part. The case continues against Khan.

II.

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985).

A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An "objection" that does nothing more than state a disagreement with a magistrate judge's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context. Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 508 (6th Cir. 1991) ("It is arguable in this case that Howard's counsel did not file objections at all.... [I]t is hard to see how a district court reading [the 'objections'] would know what Howard thought the magistrate

had done wrong.").

Moreover, the failure to file objections to the MJRR waives any further right to appeal. Smith v. Detroit Federation of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to the MJRR releases the Court from its duty to independently review the motions. Thomas v. Arn, 474 U.S. 140, 149 (1985).

III.

Plaintiff objects to the dismissal of CMS, contending that he has sufficiently exhausted his administrative remedies. Plaintiff presents essentially the same argument considered and rejected by the magistrate judge. As the magistrate judge explained, plaintiff named only Khan in his grievance and the current applicable grievance policy requires that a grievance name all those involved in the grievance to exhaust. Plaintiff's objections fail to convince the Court that the magistrate judge's conclusion regarding exhaustion is incorrect.

As to defendants, they object only to the denial of their motion as to Khan. Defendants' primary contention is that the magistrate judge treated the motion as a motion to dismiss and ignored the evidence submitted with the motion which they say supports summary judgment in Khan's favor. This argument misses the mark. While defendants' motion is styled as a motion for summary judgment, the arguments presented in support are more proper under a motion to dismiss. Indeed, defendants argued that plaintiff "failed to allege any facts" to support his § 1983 claim against Khan. This point was made clear when the magistrate judge denied plaintiff's motion for an extension of time to file a response to defendants' motion in which plaintiff asked for discovery. The magistrate judge granted plaintiff an extension to time but denied his

discovery request. The magistrate judge reasoned that defendants' motion actually "challenges the legal and factual sufficiency of the complaint, and thus [is] more in the nature of a motion to dismiss for failure to state a claim. Plaintiff has not shown how additional discovery could aid him in responding to these allegations." (Doc. 105 at p. 3). Defendants did not object to the magistrate judge's order or otherwise take issue with the magistrate judge's statement.

As to plaintiff's claim against Khan, the magistrate judge carefully explained how plaintiff's allegations state a plausible claim for relief against Khan under § 1983 regarding Khan's alleged removal of plaintiff's wheelchair. Nothing in defendants' objections indicate that the magistrate judge erred in his analysis of the facts or application of the law.

IV.

Accordingly, for the reasons stated above, the parties' objections are OVERRULED. The MJRR is ADOPTED as the findings and conclusions of the Court. Defendants' motion for summary judgment is GRANTED IN PART AND DENIED IN PART. The case continues against Khan.

SO ORDERED.

Dated: August 8, 2012       S/Avern Cohn
                            AVERN COHN
                            UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, August 8, 2012, by electronic and/or ordinary mail.

                            S/Julie Owens
                            Case Manager, (313) 234-5160

4