UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VIRGIL MITCHELL,

    *Plaintiff,*       CASE NO. 09-CV-11467

*v.*       DISTRICT JUDGE AVERN COHN
    MAGISTRATE JUDGE CHARLES BINDER

A. KHAN,

    *Defendant.*
_____/

**REPORT AND RECOMMENDATION
ON PLAINTIFF'S *EX PARTE* MOTION FOR INJUNCTION
AND TEMPORARY RESTRAINING ORDER**
(Doc. 118)

**I.   RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the motion be **DENIED.**

**II.   REPORT**

    **A.   Background**

By order of U.S. District Judge Avern Cohn, this case was referred to the undersigned magistrate judge for general case management on July 1, 2011. (Doc. 79.) The case was originally filed in April 2009 and all defendants have been dismissed except Dr. A. Khan ("Khan").[1] The events forming the basis of Plaintiff's complaint occurred while Plaintiff was housed at Thumb Correctional Facility in Lapeer, Michigan. Plaintiff Virgil Mitchell, an inmate in the custody of the Michigan Department of Corrections ("MDOC"), was later incarcerated at Carson City

---

[1] Defendant's name is spelled "Khan" on the court's docket but is often spelled "Kahn" in the documents field with the court. For purposes of consistency, his name will be spelled as it appears on the docket.

Correctional Facility in Carson City, Michigan, and is currently incarcerated at the G. Robert Cotton Correctional Facility in Jackson, Michigan.

Plaintiff's *pro se* complaint was brought under 42 U.S.C. § 1983 and alleges that Plaintiff's Eighth Amendment right to not have his serious medical needs met with deliberate indifference was violated in August 2006 when Dr. Khan ordered that Plaintiff's wheelchair accommodation be discontinued. (Doc. 1 at 20.) Before the Court is Plaintiff's *ex parte* motion for injunction and temporary restraining order. (Doc. 118.) I conclude that, pursuant to E.D. Mich. LR 7.1(f)(1), the motion is ready for report and recommendation without oral argument.

Plaintiff asserts that he was initially injured in October 2004 when a correctional officer closed a cell door on him, resulting in lumbar sacral injuries, including bulging discs. (Compl., Doc. 1 ¶ 16.) In 2005, Plaintiff was transferred to Thumb Correctional Facility ("TCF") and placed under the care of Dr. Khan. Upon arrival, Plaintiff was seen by nursing staff and was "given the use of a wheelchair due to obvious ambulatory limitations." (*Id.* ¶ 18.) Plaintiff filed a request for additional special accommodations, including a wheelchair attendant, bottom bunk, air mattress, and wheelchair gloves, on January 2, 2006. (*Id.* ¶ 19.) Plaintiff's request was granted in part by Dr. Khan and others on February 3, 2006, allowing him the continued use of a wheelchair, a wheelchair attendant, and a bottom bunk. (*Id.* ¶ 20.)

In May 2006, Plaintiff "re-enter[ed] his 02/03/2006 need for use of a wheelchair, because of his on-going numbness in his legs, arm and back pain, to health care Dr. Khan and request was granted." (*Id.* ¶ 22.) Then on August 25, 2006, "Dr. Khan ordered that Plaintiff's Wheelchair be discontinued and it was taken with no evaluation by Dr. Khan nor any recommendation from a Neurologist." (*Id.* ¶ 24.)

Plaintiff avers that without the use of a wheelchair, he attempted to walk to the medication line, call-outs, and the "chow hall," but such attempts were "not only painful but time consuming," causing him to "miss[] meals and med-line until next day or serving time." (*Id.* ¶ 25.) Plaintiff received a two-day "lay-in for meals" that was also discontinued, leaving him "with the same dilemma" of "getting to his destinations on time." (*Id.* ¶ 26.) From August 26, 2006, through September 8, 2006, Plaintiff made "numerous medical request[s] to Health service stating that he needed the use of Wheelchair reinstated, because back pain was impeding his ability to walk upright and he was experiencing numbness in the legs to the point they were giving out." (*Id.* ¶ 27.)

On September 10, 2006, Plaintiff was "injured in a fall down the unit stairs when [his] legs just (give out) from up-under him causing him to loose [sic] balance and fall to the bottom of the five steps in the unit." (*Id.* ¶ 28.) Plaintiff was "knocked unconscious when hitting his head at the bottom of the stairs" for "five minutes or so and was in and out of consciousness for approximately 45 minutes or so," according to "eye witness, unit officer, along with on-duty R.N." (*Id.* ¶ 29.) Plaintiff states that he experienced some soreness, exacerbation of pain, blurred vision, headaches and incontinence as a result of the fall. (*Id.* ¶ 31.) On September 11, 2006, Plaintiff filed grievance #TCF-060900600121 "against Dr. Khan, alleging that Dr. Khan's deliberate indifference was a direct wanton endangerment to Plaintiff's life, when Dr. Khan order Plaintiff's Wheelchair be confiscated and then turn[ed] a deaf-ear to Plaintiff's numerous pleas for the return of a Wheelchair . . . ." (*Id.* ¶ 32.)

Plaintiff's remaining claim against Defendant Khan is that he "showed deliberate indifference to Plaintiff's serious medical needs" and "'[k]new or should have known' about the malicious and gross negligence of their subordinate staff which resulted on Mr. Mitchell Injuries."

3

(*Id.* ¶ 34.) Plaintiff further alleges that these actions violated the Eighth Amendment right to be free from cruel and unusual punishment under 42 U.S.C. § 1983 and the equivalent right under the Michigan Constitution. Plaintiff seeks compensatory and punitive damages in the amounts of $150,000 and $100,000, respectively. (*Id.* at 24-26.)

### B.     Analysis & Conclusion

Plaintiff's motion for injunctive relief requests that "the current Warden of the new facility the MDOC has transferred this Plaintiff to, WARDEN DEBRA L. SCUTT, forthwith comply with the Plaintiff's MEDICAL SPECIAL ACCOMMODATION ORDERS from the Plaintiff's Medical Service Provider, and cease and desist from retaliating against this Plaintiff for this and other litigation this Plaintiff is pursuing against these Defendants and their respective paramours." (Doc. 118 at 1.) These assertions do not involve conduct by Defendant Khan, but rather expressly target the warden at his "new facility" and conduct wholly different from the allegations raised in the instant complaint.

A party seeking injunctive relief is confined to arguing the merits of his complaint and cannot raise new assertions that are entirely different from those raised in the complaint. *Colvin v. Caruson*, 605 F.3d 282, 300 (6th Cir. 2010) (plaintiff "had no grounds to seek an injunction pertaining to allegedly impermissible conduct not mentioned in his original complaint"); *Alabama v. U.S. Army Corps of Engineers*, 424 F.3d 1117, 1128 (11th Cir. 2005) ("to obtain a permanent injunction, a party must show . . . that he has prevailed in establishing the violation of the right asserted in his complaint"); *Kaimowitz v. Orlando, Fla.*, 1222 F.3d 41, 43 (11th Cir. 1997) ("A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit."); *Devose v.*

4

*Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) ("a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."). Therefore, because Plaintiff's assertions involve conduct wholly different from the allegations raised in the instant complaint, I suggest that Plaintiff's motion should be denied.

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

                                               s/ Charles E Binder
                                               CHARLES E. BINDER
Dated: March 5, 2013                      United States Magistrate Judge

**CERTIFICATION**

  I hereby certify that this Report and Recommendation was electronically filed this date and served upon counsel of record via the Court's ECF System and served on the following non-ECF participant via the United States Postal Service: Virgil Mitchell #349178, G. Robert Cotton Correctional Facility, 3500 N. Elm Avenue, Jackson, MI 49201-8887.

Date: March 5, 2013          By  s/Patricia T. Morris
                    Law Clerk to Magistrate Judge Binder