UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VIRGIL MITCHELL,

    Plaintiff,

v.                                                  Case No. 09-11467

Dr. ZAKUIDDIN A. KAHN,                  HON. AVERN COHN

    Defendant,

_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION OF MAGISTRATE JUDGE BINDER'S ORDER DENYING DEFENDANT'S MOTION TO COMPEL (Doc. 127)

I.

This is a <u>pro se</u> prisoner civil rights case. Plaintiff, an inmate in the custody of the G. Robert Correctional Facility, asserts a claim against Dr. Zakuiddin A. Khan (Khan) under 42 U.S.C. § 1983 for violation of constitutional rights under the Eighth Amendment regarding the removal of his medical detail for a wheelchair. The events took place while plaintiff was housed at the Thumb Correctional Facility. The case was filed in April 2009 and all defendants except Khan have been dismissed.[1] The matter has been referred to a magistrate judge for all pretrial proceedings. Khan filed a motion to compel, asking that plaintiff sign authorization forms to enable Khan to access plaintiff's medical and inmate records. (Doc. 121) The magistrate judge issued an order denying the motion. (Doc. 127). Before the Court is Khan's motion for reconsideration of the magistrate judge's

---

[1]Plaintiff's claims against Patricia Caruso, James Armstrong, Millicent Warren, Margaret J. Wenzel, W, Riley, Jones, Mary E. Hynes were dismissed. (Docs. 44, 48). Plaintiff's claims against Correctional Medical Services were later dismissed. (Doc. 112).

order. For the reasons that follow, the motion will be granted. Khan shall have access to plaintiff's medical and inmate records as set forth below. To effectuate this, plaintiff shall sign appropriate authorization forms.

II.

When a party files timely objections[2] to a magistrate judge's opinion and order concerning a nondispositive matter, the district judge "must consider [these] objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). General objections are insufficient to preserve any issues for review; "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." Howard v. Secretary of Health and Human Services, 932 F.2d 505, 509 (6th Cir.1991).

Here, defendant seeks review of the magistrate judge's disposition of a motion to compel. Decisions made by a magistrate judge relating to discovery matters are generally reviewed only under an abuse of discretion standard. See Baker v. Peterson, 67 F. App'x 308 (6th Cir. 2003).

III.

The federal discovery rules "are to be accorded a broad and liberal treatment." Herbert v. Lando, 441 U.S. 153, 177 (1979). The term "relevant," for the purposes of discovery, "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). While

---

[2]Although Khan moved for reconsideration under E.D. Mich. LR 7.1(h) and Fed. R. Civ. P. 60, the Court construes Khan's filing as an objection to the magistrate judge's order.

evidence may be discoverable, it may or may not be admissible at trial.

Here, Khan says that the magistrate judge appears to have misunderstood the medical records he is seeking in the to compel. The magistrate judge says that Khan is seeking plaintiff's medical records that were "generated" while incarcerated at the Carson City Correctional Facility and the G. Robert Cotton Correctional Facility (GCF) The magistrate judge goes on to reason that because medical records from Carson City and GCF were generated years after the relevant events, Khan is not entitled to them.

In Khan's motion, however, he says that he is seeking medical and inmate records during the relevant time, but those records are no longer at the Thumb Correctional Facility (TCF) as medical and inmate records are transferred with an inmate. Khan says that at a minimum, he is entitled to "**medical records and inmate records (which would include his alleged grievances) from January 1, 2005** [plaintiff was transferred to TCF in 2005] **through December 31, 2006** [plaintiff alleges he filed his first step grievance on September 1, 2006]." (Doc. 127 at p. 2, emphasis added). The Court agrees that Khan is entitled to plaintiff's medical and inmate records for this time period.

Accordingly, Khan's motion to compel is GRANTED. Khan is entitled to the discovery as described above. Khan shall prepare appropriate authorizations for the release of plaintiff's medical and inmate records consistent with this order and plaintiff shall sign the authorizations.

SO ORDERED.

                                              S/Avern Cohn
                                              AVERN COHN
                                              UNITED STATES DISTRICT JUDGE

Dated: March 19, 2013

09-11467 Virgil Mitchell v. Dr. Zakuiddin Kahn

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, March 19, 2013, by electronic and/or ordinary mail.

                                    S/Sakne Chami
                                    Case Manager, (313) 234-5160