UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VIRGIL MITCHELL,

        Plaintiff,

v.                                            Case No. 09-11467

Dr. ZAKUIDDIN A. KAHN,               HON. AVERN COHN

        Defendant,

_____/

## ORDER OVERRULING PLAINTIFF'S OBJECTIONS (Doc. 130) AND ADOPTING REPORT AND RECOMMENDATION (Doc. 125) AND DENYING PLAINTIFF'S MOTION FOR INJUNCTION AND RESTRAINING ORDER (Doc. 118)

I.

    This is a pro se prisoner civil rights case.  Plaintiff, an inmate in the custody of

the G. Robert Correctional Facility, asserts a claim against Dr. Zakuiddin A. Khan

(Khan) under 42 U.S.C. § 1983 for violation of constitutional rights under the Eighth

Amendment regarding the removal of his medical detail for a wheelchair.  The events

took place while plaintiff was housed at the Thumb Correctional Facility.  The case was

filed in April 2009 and all defendants except Khan have been dismissed.[1]  The matter

has been referred to a magistrate judge for all pretrial proceedings.  Plaintiff filed a

motion for an injunction and restraining order (Doc. 118).  The magistrate judge issued

_____

      [1]Plaintiff's claims against Patricia Caruso, James Armstrong, Millicent Warren, Margaret J. Wenzel, W, Riley, Jones, Mary E. Hynes were dismissed.  (Docs. 44, 48). Plaintiff's claims against Correctional Medical Services were later dismissed.  (Doc. 112).

a report and recommendation (MJRR), recommending that the motion be denied (Doc. 125).  Before the Court are plaintiff's objections to the MJRR (Doc. 130).  For the reasons that follow, the objections will be overruled, the MJRR will be adopted, and plaintiff's motion will be denied.

II.

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge.  Id.  The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure."  United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985).

A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge.  An "objection" that does nothing more than state a disagreement with a magistrate judge's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context.  Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 508 (6th Cir. 1991) ("It is arguable in this case that Howard's counsel did not file objections at all.... [I]t is hard to see how a district court reading [the 'objections'] would know what Howard thought the magistrate had done wrong.").

III.

Plaintiff's motion for injunctive relief requests that "the current Warden of the new

2

facility the MDOC has transferred this Plaintiff to, WARDEN DEBRA L. SCUTT,

forthwith comply with the Plaintiff's MEDICAL SPECIAL ACCOMMODATION ORDERS

from the Plaintiff's Medical Service Provider, and cease and desist from retaliating

against this Plaintiff for this and other litigation this Plaintiff is pursuing against these

Defendants and their respective paramours."  (Doc. 118 at 1.).  As the magistrate judge

noted, these allegations do not involve conduct by Khan, but rather expressly target the

warden at his "new facility" and others which he says are not following his medical detail

orders.  Plaintiff's request for injunctive relief is therefore outside his complaint and

cannot be the subject of an injunctive order.  See Colvin v. Caruso, 605 F.3d 282, 300

(6th Cir. 2010) (plaintiff "had no grounds to seek an injunction pertaining to allegedly

impermissible conduct not mentioned in his original complaint")  While plaintiff appears

to request that he be permitted to amend the complaint, plaintiff has not made out a

good argument for amendment to add new parties and allegations at this stage of the

case.  Nothing in plaintiff's objections convince the Court that the magistrate judge has

erred in recommending that plaintiff's request for injunctive relief be denied.

IV.

        For the reasons stated above, plaintiff's objections are OVERRULED.  The

MJRR is ADOPTED.  Plaintiff's motion for injunction and temporary restraining order is

DENIED.

        SO ORDERED.


                                 S/Avern Cohn
                                AVERN COHN
                                UNITED STATES DISTRICT JUDGE

Dated:  April 2, 2013

09-11467 Virgil Mitchell v. Dr. Zakuiddin Kahn

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, April 2, 2013, by electronic and/or ordinary mail.

S/Sakne Chami
Case Manager, (313) 234-5160