UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VIRGIL MITCHELL,

    *Plaintiff,*                                            CASE NO. 09-CV-11467

*v.*                                                       DISTRICT JUDGE AVERN COHN
                                                            MAGISTRATE JUDGE CHARLES BINDER

ZAKIUDDIN A. KHAN,

    *Defendant.*
_____/

**REPORT AND RECOMMENDATION ON
DEFENDANT KHAN'S RENEWED MOTION FOR SUMMARY JUDGMENT**
(Doc. 144)

## I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Defendant Khan's motion be **GRANTED** and the case dismissed in its entirety.

## II.    REPORT

### A.    Introduction

By order of U.S. District Judge Avern Cohn, this case was referred to the undersigned magistrate judge for general case management on July 1, 2011. (Doc. 79.) The case was originally filed in April 2009 and all defendants have been dismissed except Dr. Zakiuddin A. Khan ("Khan"). Plaintiff Virgil Mitchell was an inmate in the custody of the Michigan Department of Corrections ("MDOC") at the time this suit was filed, and the events forming the basis of Plaintiff's complaint occurred while Plaintiff was housed at Thumb Correctional Facility in Lapeer, Michigan. Plaintiff was paroled in April 2013. Plaintiff's *pro se* complaint, brought under

42 U.S.C. § 1983, alleges that Plaintiff's Eighth Amendment right to not have his serious medical needs met with deliberate indifference was violated in August 2006 when Dr. Khan summarily ordered that Plaintiff's wheelchair accommodation – which Dr. Khan had previously authorized – be discontinued without examining Plaintiff or consulting other specialists. (Doc. 1 at 20.)

On January 30, 2012, Defendant Khan filed his first motion for summary judgment, asserting that Plaintiff's allegations regarding the discontinuance of the wheelchair merely stated a medical malpractice claim that is not cognizable under section 1983. (Doc. 102.) On May 23, 2012, the undersigned recommended that the motion be denied (Doc. 109) and Judge Cohn adopted the recommendation on August 8, 2012. (Doc. 112.)

On September 11, 2013, Defendant Khan filed the renewed motion for summary judgment that is before the Court (Doc. 144), which was referred to the undersigned the same day it was filed. (Doc. 145.) Plaintiff filed a response on December 2, 2013 (Doc. 150), and Defendant Khan filed a reply. (Doc. 151.) Accordingly, pursuant to E.D. Mich. LR 7.1(f)(1), the motion is ready for report and recommendation without oral argument.

**B.     Background**

Plaintiff asserts that he was initially injured in October 2004 when a correctional officer closed a cell door on him, resulting in lumbar sacral injuries, including bulging discs. (Compl., Doc. 1 ¶ 16.) In 2005, Plaintiff was transferred to Thumb Correctional Facility ("TCF") and placed under the care of Dr. Khan. Upon arrival, Plaintiff was seen by nursing staff and was "given the use of a wheelchair due to obvious ambulatory limitations." (*Id*. ¶ 18.) In January 2006, Plaintiff filed a request for additional special accommodations, including a wheelchair attendant, bottom bunk, air mattress, and wheelchair gloves. (*Id*. ¶ 19.) Plaintiff's request was granted in part by Dr.

Khan and others on February 3, 2006, granting Plaintiff's continued request for a wheelchair and the additional requests of a wheelchair attendant and bottom bunk. (*Id*. ¶ 20.)

In May 2006, Plaintiff "re-enter[ed] his 02/03/2006 need for use of a wheelchair, because of his on-going numbness in his legs, arm and back pain, to health care Dr. Khan and request was granted." (*Id*. ¶ 22.) However, Plaintiff claims that on August 25, 2006, "Dr. Khan ordered that Plaintiff's Wheelchair be discontinued and it was taken with no evaluation by Dr. Khan nor any recommendation from a Neurologist." (*Id*. ¶ 24.)

Without use of a wheelchair, Plaintiff avers that he attempted to walk to the medication line, call-outs, and the "chow hall," but such attempts were "not only painful but time consuming" and caused him to "miss[] meals and med-line until next day or serving time." (*Id*. ¶ 25.) Although Plaintiff received a two-day "lay-in for meals," that was also discontinued, which left him "with the same dilemma" of "getting to his destinations on time." (*Id*. ¶ 26.) From August 26, 2006, through September 8, 2006, Plaintiff made "numerous medical request[s] to Health service stating, that he needed the uses of Wheelchair reinstated, because back pain was impeding his ability to walk up-right and he was experiencing numbness in the legs to the point they were giving out." (*Id*. ¶ 27.)

On September 10, 2006, Plaintiff was "injured in a fall down the unit stairs when [his] legs just (give out) from up-under him causing him to loose [sic] balance and fall to the bottom of the five steps in the unit." (*Id*. ¶ 28.) Plaintiff was "knocked unconscious when hitting his head at the bottom of the stairs" for "five minutes or so and was in and out of consciousness for approximately 45 minutes or so" according to "eye witness, unit officer, along with on-duty R.N." (*Id*. ¶ 29.)

3

Plaintiff experienced some soreness, exacerbation of pain, blurred vision, headaches and incontinence as a result of the fall. (*Id.* ¶ 31.)

### C. Motion Standards

A motion for summary judgment will be granted under Rule 56(c) where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). All facts and inferences must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (citing *Celotex Corp. v Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

In response, the non-moving party cannot rest merely on the pleadings alone. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Instead, the non-moving party has an obligation to present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339-40 (6th Cir. 1993). When the nonmoving party fails to adequately respond to a summary judgment motion, a district court is not required to search the record to determine whether genuine issues of material fact exist. *Street*, 886 F.2d at 1479-80. Instead, the court will rely upon the "facts presented and designated by the moving party." *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 404 (6th Cir. 1992).

After examining the evidence designated by the parties, the court then determines "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so

4

one-sided that one party must prevail as a matter of law.'" *Booker v. Brown & Williamson Tobacco Co.,* 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson*, 477 U.S. at 251-52). Summary judgment will not be granted "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

**D.     Eighth Amendment Standards**

The Supreme Court held in *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976), that the deliberate indifference to serious medical needs of prisoners constitutes unnecessary and wanton infliction of pain in violation of the Cruel and Unusual Punishments Clause of the Eighth Amendment to the Constitution. The Court explained that "[i]n order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." *Id.* at 106.

A violation of the Eighth Amendment can be "manifested by prison doctors and their response to prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id.* at 104. The inquiry is two-pronged, consisting of both an objective and a subjective element. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994); *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991). The objective inquiry asks whether the deprivation was sufficiently serious and the subjective component asks whether the officials acted with a sufficiently culpable state of mind. *Wilson*, 501 U.S. at 298.

As the Supreme Court recognized in *Estelle*, differences in judgment between an inmate and prison medical personnel regarding appropriate medical treatment are insufficient to state a

deliberate indifference claim. *Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995). The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).

### E.     Analysis & Conclusion

In this case, Defendant Khan acknowledges that Plaintiff was issued a wheelchair for a period of time. Dr. Khan asserts, however, that when he examined Plaintiff on August 25, 2006, he documented that Plaintiff's "R.O.M. [range of motion in] both knees [was] normal" and that Plaintiff had "no loss of power." (Def.'s Mot., Doc. 144 at Pg ID 921.) Therefore, Defendant Khan determined that a "[w]heelchair [was] not required" and that Plaintiff could "try to walk for exercise." (*Id.*; *see also* Progress Notes dated 8/25/06, Pg ID 954.) Defendant Khan contends that his "decision that Mitchell did not require a wheelchair was a medical one based upon his education, training, experience and Mitchell's medical condition." (*Id.* at Pg ID 945.) Further, Defendant Khan points out that Plaintiff "still had the use of a cane," and asserts that the decision "was not the wanton disregard of a serious medical need that gives rise to a constitutional cause of action." (*Id.*) In support, Defendant Khan cites *Callahan v. Poppell*, 471 F.3d 1155 (10th Cir. 2006), wherein the plaintiff's request for a wheelchair was denied because the medical staff felt its use would lead to a weakening of the plaintiff's muscles. In that case, the Tenth Circuit held that the decision as to whether a wheelchair is needed is a professional medical determination about a course of treatment, and that an inmate's disagreement with such a medical determination would state, at most, a medical malpractice claim, which does not fall under the Eighth Amendment. *Id.* at 1160.

6

Plaintiff responds that, in his view, Defendant Khan's decision that Plaintiff could engage in "walking for exercise" despite his history of using a wheelchair is evidence of deliberate indifference. (Doc. 150 at Pg ID 1039.) I suggest, however, that the case law is clear that when an inmate receives medical treatment and files suit because he disagrees with certain treatment decisions made by the staff, the inmate has failed to state a claim under the Eighth Amendment. *See Westlake,* 537 F.2d at 860 n.5 ("Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law."); *McFarland v. Austin*, 196 F. App'x 410, 411 (6th Cir. 2006) ("as the record reveals that McFarland has received some medical attention and McFarland's claims involve a mere difference of opinion between him and medical personnel regarding his treatment, McFarland does not state a claim under the Eighth Amendment").

Therefore, on this record, I suggest that Defendant Khan is entitled to summary judgment on Plaintiff's claims of deliberate indifference because the evidence does not present a "sufficient disagreement to require submission to a jury," but rather it "is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52. Accordingly, I suggest that Defendant's motion for summary judgment on Plaintiff's Eighth Amendment claim be granted and the case be dismissed.

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific

7

written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

                                                s/ *Charles E. Binder*
                                                CHARLES E. BINDER
Dated: March 19, 2014                       United States Magistrate Judge

## **CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, served on all counsel of record through the Court's CM/ECF system, and served by first class mail on Virgil Mitchell, 12755 Griggs, Detroit, MI, 48238.

Date: March 19, 2014                     By     s/*Jean L. Broucek*
                                                  Case Manager to Magistrate Judge Binder